```
 1  JAMES B. CHANIN (SBN# 76043)
    Law Offices of James B. Chanin
    3050 Shattuck Avenue
 2  Berkeley, California  94705
    (510) 848-4752
 3

 4
    Attorneys for Plaintiffs
 5

 6

 7
                    UNITED STATES DISTRICT COURT
 8
                    NORTHERN DISTRICT OF CALIFORNIA
 9

10  ANQUIENETTE GRANT; KAI RICHARD, a ) CASE NO. C02-3845 BZ
    minor, by and through her guardian)
11  ad litem, ANQUIENETTE GRANT;      )      FIRST AMENDED
                                      ) COMPLAINT FOR DAMAGES
12                                    )    (42 U.S.C. §1983;
                                      )     Supplemental state
13                                    )     Claims)
                                      )
14              Plaintiffs,           )
    vs.                               )   JURY TRIAL DEMANDED
15                                    )
    CITY OF OAKLAND, a municipal      )
16  corporation; ELEFTHERIOS KARKAZIS;)
    HECTOR PINEDO; DOES 3-100,        )
17  inclusive,                        )
                                      )
18              Defendants.           )
                                      )
19
```

## JURISDICTION

1. This action arises under 42 U.S.C. §§1983, 1985, and 1986. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343.

## INTRADISTRICT ASSIGNMENT

2. The claims alleged herein arose in the City of Oakland, State of California. Therefore, venue and assignment lies in the United States District Court for the Northern District of California, San Francisco Division. 28 U.S.C. Section 1391(b)(2).

## PARTIES

3. Plaintiff, ANQUIENETTE GRANT, is an African American female citizen of the United States.

4. Plaintiff, KAI RICHARD, is an African American female citizen of the United States. Plaintiff RICHARD is a minor and brings this action by and through her guardian ad litem and mother, ANQUIENETTE GRANT.

5. Defendant CITY OF OAKLAND is, and at all times herein mentioned was, a municipal corporation duly organized and existing under the laws of the State of California.

6. Plaintiffs are informed and believe and thereon allege that ELEFTHERIOS KARKAZIS (hereinafter, Defendant KARKAZIS) was at all times mentioned herein, employed as a law enforcement officer by the California Department of Corrections. Plaintiffs are substituting the true name of Defendant Doe 1 as Defendant KARKAZIS. Defendant KARKAZIS is sued herein in his individual capacity.

7. Plaintiffs are informed and believe and thereon allege that HECTOR PINEDO (hereinafter, Defendant PINEDO) was at all times mentioned employed as a Parole Agent by the California Department of Corrections. Plaintiffs are substituting the true name of Defendant Doe 2 as Defendant PINEDO. Defendant PINEDO is sued herein in his individual capacity.

8. Plaintiffs are ignorant of the true names, capacities and employers of Defendants sued herein as DOES 3 through 100, inclusive, and therefore sues said defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe, and upon such information and belief allege that each of the Doe defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said defendants proximately caused said incidents, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, violation of constitutional rights, violation of public policy, unreasonable search and seizures, trespass, false arrests, or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiffs will ask leave to amend this complaint to insert further charging allegations when such facts are ascertained.

FIRST AMENDED COMPLAINT      C02-3845 BZ                                3

9. In doing the acts alleged herein, the CITY OF OAKLAND, its employees, agents and/or servants and/or each of them, acted within the course and scope of their employment for the CITY OF OAKLAND.

10. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

11. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, employee and/or in concert with each of said other Defendants herein.

## STATEMENT OF FACTS

12. Plaintiffs are informed and believe and thereon allege that at all times relevant herein, Doris Hannibal was a parolee under the supervision of the California Department of Corrections.

13. Plaintiffs are informed and believe and thereon allege that at all times relevant herein, Defendant PINEDO was Ms. Hannibal's parole agent.

14. Plaintiffs are informed and believe and thereon allege that at all times relevant herein, Defendant KARKAZIS was a law enforcement officer assigned to the fugitive recovery unit of the California Department of Corrections. In that assignment, Plaintiffs are informed and believe and thereon allege that Defendant KARKAZIS' duties and responsibilities included locating and arresting parolees at large, including Ms. Hannibal.

FIRST AMENDED COMPLAINT    C02-3845 BZ    4

15. Plaintiffs are informed and believe and thereon allege that beginning in approximately June 2001, Defendant PINEDO was unable to make contact with his parolee, Doris Hannibal.

16. Plaintiffs are further informed and believe and thereon allege that Defendant PINEDO went to the Plaintiff's home, located at 1072 53rd Street in Oakland, California, in approximately July 2001, in an attempt to locate Ms. Hannibal. Plaintiffs, however, did not know Ms. Hannibal, did not associate with her and Ms. Hannibal had not been at the Plaintiffs' home since the Plaintiffs moved into the premises several months prior to the subject incident.

17. When Defendant PINEDO went to 1072 53rd Street, Oakland, California, he spoke with Plaintiff GRANT. Plaintiff GRANT told Defendant PINEDO that she was a new tenant at the premises and that Ms. Hannibal was no longer residing there. Plaintiffs are informed and believe and thereon allege that while Defendant PINEDO documented his discussion with the Plaintiff in Ms. Hannibal's parole file, he did not include this important information on the ledger which chronicled the parolee's current residence information.

18. Plaintiffs are informed and believe and thereon allege that Defendant PINEDO declared Ms. Hannibal to be a parolee at large, subject to arrest, for violating the conditions of her parole, including for her failure to provide Defendant PINEDO with her current address and telephone number.

FIRST AMENDED COMPLAINT    C02-3845 BZ    5

19. Plaintiffs are further informed and believe and thereon allege that despite the fact that Defendant PINEDO was on actual notice that Ms. Hannibal was no longer residing at 1072 53rd Street, Oakland, California, he took no action to notify anyone, including law enforcement agencies, that Ms. Hannibal was no longer residing at said address when he declared Ms. Hannibal to be a "parolee at large."

20. Plaintiffs are informed and believe and thereon allege that in the weeks preceding September 14, 2001, law enforcement officers and/or parole agents went to the premises located at 1072 53rd Street in Oakland, looking for Ms. Hannibal. On one such occasion, Plaintiffs are informed and believe and thereon allege that Plaintiff's landlord also advised the law enforcement or parole agents (Does 3-100) that Ms. Hannibal was no longer residing at the premises.

21. Plaintiffs are further informed and believe and thereon allege that Defendant KARKAZIS and/or DOES 3-100 and/or each of them, assumed the responsibility of locating and arresting Ms. Hannibal as a parolee at large.

22. Plaintiffs are informed and believe and thereon allege that Defendant KARKAZIS and/or DOES 3-100 and/or each of them, maintained a custom, policy or practice of searching the last known addresses of parolees at large when attempting to apprehend them without taking any or adequate precautions to ensure that the parolee was, in fact, continuing to reside at his or her last known address.

23. Plaintiffs are further informed and believe and thereon allege that Defendant KARKAZIS and/or DOES 3-100 and/or each of them, maintained said custom, policy or practice despite the fact that he/they knew, or should have known, that such a custom, policy or practice was likely to result in the unreasonable search and/or seizure of innocent persons and residences not occupied by the parolee at large.

24. Plaintiffs are further informed and believe and thereon allege that prior to September 14, 2001, Defendants KARKAZIS and/or DOES 3-100 and/or each of them, took no action to confirm whether Doris Hannibal was actually continuing to reside at 1072 53rd Street, Oakland, California.

25. Plaintiffs are further informed and believe and thereon allege that Defendants KARKAZIS and/or DOES 3-100 and/or each of them, made an appointment with members of the CITY OF OAKLAND Police Department (DOES 3-100 and/or each of them) to raid 1072 53rd Street, Oakland, California on the morning of on or about September 14, 2001, without taking any action to confirm that Ms. Hannibal was actually continuing to reside there.

26. Plaintiffs are further informed and believe and thereon allege that on or before the morning of September 14, 2001, Defendants KARKAZIS and/or DOES 3-100 and/or each of them, were in possession of a second address in Oakland, California, where Ms. Hannibal was alleged to have been residing. Plaintiffs are informed and believe and thereon allege that said Defendants made no attempt to ascertain which of the two addresses Ms.

Hannibal was actually residing at before deciding to raid the Plaintiffs' home.

27. Plaintiffs are informed and believe and thereon allege that without making any attempt to verify that Ms. Hannibal was actually continuing to reside at 1072 53rd Street, Oakland, and despite the fact that Defendant PINEDO had confirmed that Ms. Hannibal was no longer residing there, Defendants KARKAZIS and/or DOES 3-100 made a warrantless, forced entry into the Plaintiffs' home with their guns drawn without issuing any "knock notice" and without the consent of the Plaintiffs.

28. At the time of said forced entry into the Plaintiffs' home, there was no warrant, no probable cause and no exigent circumstances that would have justified the search and seizure of Plaintiffs' home.

29. Defendants KARKAZIS and/or DOES 3-100 and/or each of them, entered Plaintiffs' home with their guns drawn. Plaintiffs were terrified and in shock. Plaintiffs did not believe that they were free to leave given the conduct of said defendants and were thereby detained without reasonable or probable cause to believe that they had committed any crime.

30. While said defendants were in Plaintiffs' home, Plaintiff GRANT asked the officers and/or agents whether they had a warrant. Plaintiff GRANT was told words to the effect that they did not need a warrant.

31. During the search of Plaintiffs' home, said defendants and/or each of them, searched through the Plaintiffs'

personal property and invaded their zone of personal privacy.

32. After said defendants and/or each of them completed their search of Plaintiffs' apartment and apparently ran a warrant check on Plaintiffs' cousin with negative results, they left Plaintiffs' home laughing and snickering. None of said defendants or each of them, offered to do anything about the fact that the door to Plaintiffs' home had been broken in, and simply walked away without any kind of apology for their actions.

33. Plaintiffs are further informed and believe and thereon allege that soon after said defendants concluded their warrantless search and seizure at the Plaintiffs' residence, they immediately went to second address they had in their possession at the time of the search of Plaintiffs' residence, where they located Ms. Hannibal and arrested her.

34. Plaintiffs are informed and believe and thereon allege that prior to the subject incident, Defendant CITY OF OAKLAND was on notice of a pattern and practice of unreasonable searches and seizures conducted by members of the CITY OF OAKLAND Police Department which were primarily directed at African American and other minority citizens in Oakland. Nevertheless, Plaintiffs are informed and believe and thereon allege that the CITY OF OAKLAND, its employees, agents and/or servants failed to take any or appropriate remedial action prior to the subject incident to prevent the kind of incident that occurred in the instant case from continuing.

35. Plaintiffs are further informed and believe and

thereon allege that prior to the subject incident, the CITY of OAKLAND and/or DOES 3-100 and/or each of them, were on actual notice of a custom, policy, pattern and/or practice of conducting unreasonable searches and/or seizures and/or otherwise violating the rights of innocent third parties during parolee at large recovery operations such as occurred in the instant case.

36. Plaintiffs are informed and believe and thereon allege that they suffered the violation of their constitutional rights and/or incurred the damages alleged herein as a result of customs, policies, patterns and/or practices of the CITY OF OAKLAND and/or DOES 3-100 and/or each of them, including, but not limited to, deliberate indifference in the hiring, supervision, training and discipline of its officers (DOES 3-100 and/or each of them), who were involved in the subject incident.

37. Plaintiffs are informed and believe and thereon allege that the CITY OF OAKLAND and/or DOES 3-100 and/or each of them, knew and/or reasonably should have known that the customs, policies, practices, procedures, training and/or supervision relating to warrantless searches and/or seizures, probation and/or parolee searches and/or other searches and/or seizures were inadequate, inappropriate and/or were not designed to avoid the kind of injury and/or incident that occurred herein.

38. Plaintiffs are informed and believe and thereon allege that the aforementioned incident was caused by the deliberate indifference of the CITY OF OAKLAND, Defendants KARKAZIS, PINEDO and/or Does 3-100 and/or each of them, with

regard to customs, policies and/or practices which caused, encouraged, authorized, condoned and/or ratified unreasonable searches and/or seizures, such as occurred in this case.

39. Following this incident, Plaintiff GRANT attempted to file a complaint with the City of Oakland Police Department's Professional Standards Division. It was made clear to Plaintiff GRANT that her Complaint would not be impartially or fairly investigated by the City of Oakland. Since that time, Plaintiff GRANT has not received any information from the City of Oakland concerning the status of her Complaint or any evidence that the City of Oakland and/or DOES 3-100 and/or each of them, took any action to discipline, train or remedy the acts and/or omissions of its officers and/or agents which resulted in the damages and/or injuries to the Plaintiffs as alleged herein.

40. Plaintiffs are informed and believe and thereon allege that said conduct by Defendant CITY OF OAKLAND Police Department, including by its Professional Standards Division, was pursuant to a custom, policy, pattern and practice of Defendant CITY OF OAKLAND of failing to fairly or fully investigate citizens' complaints against members of its police department and/or other agents. Plaintiffs are informed and believe and thereon allege that by failing to fully or fairly investigate complaints, the CITY OF OAKLAND and/or DOES 3-100 and/or each of them, encourage, authorize, condone and/or ratify conduct that violates the rights of citizens and/or causes injury and/or damage to citizen as occurred in this case.

# CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

(42 U.S.C. SECTION 1983)
(AGAINST DEFENDANTS KARKAZIS, PINEDO, DOES 3-50)

41. Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through 40.

42. In doing the acts complained of herein, Defendants KARKAZIS, PINEDO, DOES 3 through 100, individually and/or while acting in concert with one another, did act under color of state law to deprive Plaintiffs as alleged heretofore of certain constitutionally protected rights, including, but not limited to:

   (a) the right not to be deprived of liberty without Due Process of Law;

   (b) the right to be free from unreasonable searches and seizures; and/or

   (c) the right to Equal Protection of the Law.

43. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CLAIM FOR RELIEF

(42 U.S.C. SECTION 1983)
(AGAINST CITY OF OAKLAND, DOES 3-100)

44. Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through 43.

45. As against Defendant CITY OF OAKLAND and/or DOES

3-100 and/or each of them, Plaintiffs further allege that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the CITY OF OAKLAND Police Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging unreasonable searches and seizures, denial of Equal Protection of the Law to African American and other minority citizens, abuse of police authority, and deliberate indifference to the violation of the constitutional rights of citizens by members of the CITY OF OAKLAND Police Department.

46. Plaintiffs are further informed and believe and thereon allege that the acts alleged herein are the direct and proximate result of the deliberate indifference of Defendants CITY OF OAKLAND, DOES 3-100, and/or each of them, to repeated acts of police misconduct which were tacitly authorized, encouraged or condoned by the CITY OF OAKLAND, DOES 3-100, and/or each of them.

47. The injuries to the Plaintiffs were the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendant CITY OF OAKLAND, DOES 3-100, and/or each of them.

48. Plaintiffs are further informed and believe and thereon allege that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the CITY OF OAKLAND Police

Department.

49. Plaintiffs are further informed and believe and upon such information and belief allege that Plaintiffs' damages and injuries were caused by customs, policies, patterns or practices of the CITY OF OAKLAND, DOES 3-100, and each of them, of deliberate indifference in the training, supervision and/or discipline of DOES 3-100, and/or each of them.

50. The aforementioned customs, policies or practices of Defendant CITY OF OAKLAND, DOES 3-100, and each of them, resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to, the following:

(a) the right not to be deprived of liberty without Due Process of Law;

(b) the right to be free from unreasonable searches and/or seizures; and/or

(c) the right to Equal Protection of the Law.

51. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United State Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CLAIM FOR RELIEF
(NEGLIGENCE)
(AGAINST THE CITY OF OAKLAND, KARKAZIS, PINEDO, DOES 3-100)

52. Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through 51.

53. At the time of the incident alleged herein, Defendants and/or each of them, owed Plaintiffs a duty to exercise reasonable care to avoid foreseeable injury to the Plaintiffs.

54. In doing the acts and/or omissions as alleged heretofore in this Complaint, Defendants and/or each of them, negligently breached said duty of care, resulting in foreseeable injuries and damages to the Plaintiffs.

55. As a result of the negligence of the Defendants and/or each of them, Plaintiffs suffered damages and injuries, including, but not limited to, pain, suffering and emotional distress.

56. Plaintiffs are informed and believe and thereon allege that the negligent acts and/or omissions of Defendants 3-100 and/or each of them, as alleged herein were done within the course and scope of their employment with the CITY OF OAKLAND and/or DOES 3-100 and/or each of them. As a result, the CITY OF OAKLAND and/or DOES 3-100 and/or each of them, are liable as respondeat superior for the acts and/or omissions of Defendants DOES 3-100 and/or each of them.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

<u>FOURTH CLAIM FOR RELIEF</u>
(NEGLIGENT HIRING, SUPERVISION, TRAINING AND DISCIPLINE)
(AGAINST THE CITY OF OAKLAND AND DOES 51-100)

57. Plaintiffs incorporate by reference and re-

FIRST AMENDED COMPLAINT    C02-3845 BZ    15

allege herein Paragraphs 1 through 56.

58. At the time of the incident alleged herein, Defendants CITY OF OAKLAND and/or DOES 3-100 and/or each of them owed Plaintiffs a duty to use reasonable care in the hiring, training, supervision and discipline of its police officers and/or other agents.

59. Plaintiffs are informed and believe and thereon allege that Defendants CITY OF OAKLAND and/or DOES 3-100 and/or each of them, breached said duty of care by failing to exercise reasonable care in the hiring, training, supervision and/or discipline of Defendants DOES 3-100 and/or each of them.

60. Plaintiffs are informed and believe and thereon allege that as a result of the negligent breach of said duty of care by Defendants CITY OF OAKLAND and/or DOES 3-100 and/or each of them, Plaintiffs suffered the damages and/or injuries as alleged in this Complaint.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FIFTH CLAIM FOR RELIEF

(FALSE ARREST/FALSE IMPRISONMENT)

(CITY OF OAKLAND, KARKAZIS, DOES 3-100)

61. Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through 60.

62. In doing the acts and/or omissions as alleged in this Complaint, Defendants KARKAZIS, DOES 3-50 and/or each

of them, arrested and/or imprisoned the Plaintiffs and/or each of them, without reasonable or probable cause to believe that they had committed any crime.

63. As a result of said false arrest and/or imprisonment, Plaintiffs suffered the damages and injuries alleged in this Complaint.

64. The acts and/or omissions of Defendants 3-100 and/or each of them as alleged herein were done within the course and scope of their employment with Defendants CITY OF OAKLAND and/or DOES 3-100 and/or each of them. As a result, the CITY OF OAKLAND and/or DOES 3-100 are liable for said acts and/or omissions as respondeat superior.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SIXTH CLAIM FOR RELIEF

(TRESPASS)
(AGAINST THE CITY OF OAKLAND, KARKAZIS, DOES 3-100)

65. Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through 64.

66. In doing the acts and/or omissions as alleged herein, Defendants KARKAZIS, DOES 3-100 and/or each of them committed a trespass upon the Plaintiffs' residence.

67. As a result of said trespass, Plaintiffs suffered the damages and injuries as alleged in this Complaint.

68. At the time of said trespass, Defendants DOES

3-100 and/or each of them, acted within the course and scope of their employment with Defendants CITY OF OAKLAND and/or DOES 3-100 and/or each of them. As a result, Defendants CITY OF OAKLAND and/or DOES 3-100 and/or each of them are liable as respondeat superior.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### STATEMENT OF DAMAGES

69. Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through 68.

70. As a result of the acts and/or omissions of Defendants, and each of them, as alleged herein, Plaintiffs suffered the damages listed below:

a. General damages, including, but not limited to, past, present and future damages for pain, suffering, emotional distress, loss of liberty and invasion of privacy in amounts to be determined according to proof.

b. The acts and/or omissions of Defendants DOES 1-100, and/or each of them, were intentional, malicious, oppressive and/or done with a conscious or reckless disregard for the rights of the Plaintiffs. Accordingly, Plaintiffs pray for an award of punitive and exemplary damages in amounts to be determined according to proof.

71. Plaintiffs will also be entitled to an award of attorneys' fees and costs pursuant to statute(s) in the event that they are the prevailing party in this action under 42

U.S.C. Section 1983 and/or under other statutes and/or laws.

### JURY TRIAL DEMAND

72. Plaintiffs hereby demand a jury trial.

### COMPLIANCE WITH TORT CLAIMS ACT

Prior to commencing this litigation, Plaintiffs presented a timely Tort Claim to the CITY OF OAKLAND and to the STATE OF CALIFORNIA. The CITY OF OAKLAND and STATE OF CALIFORNIA rejected said Claims. The Plaintiffs' initial Complaint was being filed within six months of the date of said rejection.

### PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. General damages to be determined according to proof;
2. Attorneys' fees pursuant to statutes;
3. Costs of suit;
4. Punitive and exemplary damages in amounts to be determined according to proof as to the individual defendants;
5. For prejudgment interest as permitted by law;
6. For such other and further relief as the Court may deem just and proper.

DATED: August 1, 2003      ____/s/_____
                           JAMES B. CHANIN
                           Attorney for Plaintiffs